UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE CANALES,

       Plaintiff,

v.                              Case No. 8:11-cv-789-T-33AEP

AMERICAN SECURITY INSURANCE CO.,

       Defendant.

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's Motion to Dismiss Amended Complaint (Doc. # 11), filed on June 23, 2011. Plaintiff filed a response in opposition to the Motion on July 7, 2011 (Doc. # 12). For the reasons that follow, the Court grants the Motion in part and denies it in part.

## I.   Background

Plaintiff Jose Canales filed suit in state court on February 28, 2011, alleging bad faith, unfair claims practices, and unfair and deceptive trade practices pursuant to Fla. Stat. §§ 624.155 and 626.9541 against Defendant American Security Insurance Co. (ASIC). (Doc. # 2 at ¶ 16). ASIC removed the case to this Court on April 11, 2011 (Doc. # 1) and filed a motion to dismiss on April 19, 2011 (Doc. # 4). This Court granted Canales's unopposed motion for leave to

file an amended complaint on May 16, 2011 (Doc. # 8) and, on May 18, 2011, denied without prejudice as moot ASIC's motion to dismiss (Doc. # 9). Canales duly filed his Amended Complaint on June 13, 2011 (Doc. # 10).

Canales states that he was named insured on ASIC Policy No. ALR15032259117 (the "Policy"), covering his residential property. (Id. at ¶ 4). On or about February 13, 2009, while the Policy was in effect, Canales discovered sinkhole damage at his property and made a demand on ASIC for coverage. (Id. at ¶¶ 6-7). He alleges that ASIC investigated the damage and knew that the cost to repair exceeded policy limits. (Id. at ¶ 8). However, "ASIC pursued dilatory litigation tactics in order to delay proper payment and subject its policyholder to ongoing and potentially dangerous property damage. In short, ASIC acted in bad faith." (Id. at ¶¶ 9-10).

Attached to the Amended Complaint are a copy of the Policy (Exhibit A), a Civil Remedy Notice (CRN) filed with the Florida Department of Financial Services (DFS) (Exhibit B), and two checks totaling $92,783 tendered in payment of the claim (Exhibit C). Canales alleges that payment was made after the 60-day "cure period" provided in Fla. Stat. § 624.155(d), and that the underlying contract claims have been resolved in his favor as to liability and damages. (Id. at ¶¶ 15-16).

-2-

ASIC filed its Motion to Dismiss Amended Complaint on June 23, 2011 (Doc. # 11). ASIC argues that the Amended Complaint merely recites the Florida Statutes at issue without any facts describing how they were allegedly violated. (Id. at ¶ 3). Furthermore, ASIC asserts that the Amended Complaint fails to identify the basis of the bad faith claim, "depriving American Security of any reasonable opportunity to respond, or provide any meaningful defense." (Id. at ¶ 4). Therefore, ASIC argues, the Amended Complaint does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8. (Id.).

ASIC asserts that the CRN does provide a factual basis for the claim, but those facts contradict the allegations on which the bad faith claim is predicated. (Id. at ¶ 5). ASIC argues that the facts outlined in the CRN affirm that ASIC complied with the standards set forth in Fla. Stat. § 627.707. (Id. at ¶ 7). Furthermore, ASIC contends that the Loss Settlement provision Canales relies upon in the CRN is superseded by the Loss Settlement provision of the Sinkhole Endorsement, which specifies that sinkhole losses will not be settled until the insured has entered into a contract for repairs. (Id. at ¶¶ 7-8). ASIC alleges that Canales did not execute such a contract. (Id. at ¶¶ 7, 9-10).

Canales filed his Response in Opposition to the Motion on July 7, 2011 (Doc. # 12). He argues that the Amended Complaint and attached exhibits state a cause of action pursuant to Fla. Stat. § 624.155. (Id. at ¶ 3). Canales further argues that it is premature to characterize the facts set forth in the CRN and, in any event, the CRN met the statutory requirements and was accepted by the Florida DFS. (Id. at 7-11). In addition, Canales asserts that the Amended Complaint and CRN put ASIC on fair notice of the basis for his claim. (Id. at 11).

Canales also argues that ASIC misrepresents the Loss Settlement provision of the Sinkhole Endorsement by quoting only a portion of it. (Id. at 13). Finally, Canales asserts that, contrary to ASIC's allegations, he did in fact have a contract to have work performed. (Id. at 14).

## II.  Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990).

However, the Supreme Court explains that:

-4-

>While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). A plausible claim for relief must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

The Court notes that the Motion to Dismiss has not been converted into a motion for summary judgment because the Court has not considered matters outside the pleadings.[1] "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof

---

[1] When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(c) requires that "the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent by such a motion."

for all purposes.'" <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134

(11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)).

Thus, the Court may consider the various exhibits attached to

the Amended Complaint without converting the Motion to Dismiss

into one for summary judgment.

## III. <u>Analysis</u>

Canales's one-count complaint seeks civil remedies

pursuant to Fla. Stat. § 624.155, which states in relevant

part:

> (1) Any person may bring a civil action against an
> insurer when such person is damaged:
>> (a) By a violation of . . . Section
>> 626.9541(1)(i) . . . .
>> (b) By the commission of any of the following
>> acts by the insurer:
>>> (1) Not attempting in good faith to
>>> settle claims when, under all the
>>> circumstances, it should have done so,
>>> had it acted fairly and honestly toward
>>> its insured and with due regard for her
>>> or his interests;
>>> . . . or
>>> (3) [F]ailing to promptly settle claims,
>>> when the obligation to settle a claim has
>>> become reasonably clear, under one
>>> portion of the insurance policy coverage
>>> in order to influence settlements under
>>> other portions of the insurance policy
>>> coverage.

Although Canales's Amended Complaint asserts a single count,

the Court will consider parts (a) and (b) of the statute in

turn, beginning with Canales's allegations with regard to Fla.

Stat. § 626.9541(1)(i). As ASIC notes, the Amended Complaint includes scant factual allegations; the bulk of it merely recites the applicable Florida statutes. The Court assumes that Canales seeks to assert claims against ASIC for those statutes recited.

### A.      Allegations Pursuant to Fla. Stat. § 626.9541(1)(i)

Canales first recites Fla. Stat. § 626.9541(1)(i)(2), which creates a cause of action against an insurer for "material misrepresentation made to an insured . . . for the purpose and with the intent of effecting settlement of such claims, loss, or damage under such contract or policy on less favorable terms than those provided in, and contemplated by, such contract or policy." Because claims for misrepresentation pursuant to Fla. Stat. § 626.9541(1)(i)(2) sound in fraud, the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply. Hogan v. Provident Life & Accident Ins. Co., 665 F. Supp. 2d 1273, 1282 (M.D. Fla. 2009). Rule 9(b) requires that a party "state with particularity the circumstances constituting fraud or mistake."

Taking together the Amended Complaint and the CRN, the Court finds that Canales alleged no facts supporting a claim for misrepresentation. Certainly, the allegations do not meet the heightened pleading requirements of Rule 9(b). Therefore,

Canales's allegations with regard to Fla. Stat. § 626.9541(1)(i)(2) are dismissed without prejudice.

Next, Canales recites verbatim the eight unfair claim settlement practices listed in Fla. Stat. § 626.9541(1)(i)(3); the Court will not reiterate them here. Although Canales includes some of the statutory language in the CRN, the Court finds that he has failed to allege facts sufficient to sustain any claim pursuant to Fla. Stat. § 626.9541(1)(i)(3). The Court further notes that Fla. Stat. § 626.9541(1)(i)(3)(b), for misrepresentation, must be pled with particularity pursuant to Rule 9(b). Hogan, 665 F. Supp. 2d 1273 at 1283. Therefore, Canales's allegations with regard to Fla. Stat. § 626.9541(1)(i)(3) are dismissed without prejudice.

Canales also recites Fla. Stat. § 626.9541(1)(i)(4), which creates a cause of action against an insurer for failing to pay undisputed amounts within 90 days. This appears to be the crux of the Amended Complaint. In the CRN, Canales alleges that ASIC investigated the sink hole damage and determined that the cost to repair exceeded policy limits but "delayed payment by continuing an unreasonable investigation." (Doc. # 10-2 at 2). Accepting these allegations as true and construing them in the light most favorable to Canales, the Court finds

that Canales has sufficiently pled violation of Fla. Stat. §
626.9541(1)(i)(4).

### B.   Bad Faith

In order to successfully plead a cause of action pursuant
to Fla. Stat. § 624.155(1)(b), an insured must:

> (1) file a written Civil Remedy Notice; (2) obtain
> the favorable resolution of an underlying civil
> action for insurance benefits against the insurer;
> and (3) allege both that there has been a
> determination of the existence of liability on the
> part of the insurer and the extent of the
> plaintiff's damages.

Porcelli v. OneBeacon Ins. Co., Inc., 635 F. Supp. 2d 1312,
1316 (M.D. Fla. 2008) (internal quotations and citations
omitted). The Porcelli court found that a complaint meeting
those minimum requirements "sufficiently alleged a prima facie
cause of action for insurer 'bad faith' under Fla. Stat. §
624.155 to survive a motion to dismiss." Id. Canales's Amended
Complaint asserts that he filed the CRN, that underlying
claims have been resolved in his favor, and that there was a
determination of ASIC's liability. (Doc. # 10 at ¶¶ 14, 16).
Thus, the Amended Complaint meets the basic requirements for
a prima facie claim of bad faith.

ASIC argues that the Amended Complaint is devoid of facts
identifying the basis of the bad faith claim, and fails to
meet the pleading requirements of Federal Rule of Civil

Procedure 8. (Doc. # 11 at ¶¶ 3-4). Canales responds that, taken together, the Amended Complaint and CRN "contain factual allegations which establish Defendant's lack of good faith in settling Plaintiff's claim." (Doc. # 12 at 5).

As noted above, filing a CRN is a condition precedent to bringing an action under Fla. Stat. § 624.155. The purpose of the CRN is to give "the department and the authorized insurer . . . 60 days' written notice of the violation." Fla. Stat. § 624.155(3)(a). The statute requires that the CRN "state with specificity . . . [t]he facts and circumstances giving rise to the violation." Fla. Stat. § 624.155(3)(b). "If the department returns a notice for lack of specificity, the 60-day time period shall not begin until a proper notice is filed." Fla. Stat. § 624.155(3)(a).

The Florida DFS's acceptance of a CRN serves as evidence that the CRN has sufficient specificity to provide the insurer with notice of the violation and start the 60-day clock. See Tropical Paradise Resorts, LLC v. Clarendon Am. Ins. Co., No. 08-60254-CIV, 2008 WL 3889577, at *4 (S.D. Fla. Aug. 20, 2008); Porcelli, 635 F. Supp. 2d at 1318. Because DFS accepted Canales's CRN, the Court finds that the CRN provides a factual basis for the claims against ASIC sufficient to survive the Motion to Dismiss.

Next, ASIC argues that the CRN "undermines and contradicts" the allegations underlying Canales's bad faith claim. (Doc. # 11 at ¶ 5). Specifically, ASIC asserts that Canales's allegations show that ASIC complied with the standards for investigation of sinkhole claims set forth in Fla. Stat. § 627.707.

Under Florida law, "good faith" means "honesty in fact and the observance of reasonable commercial standards of fair dealing." Daiwa Prod., Inc. v. Nationsbank, N.A., 885 So.2d 884, 888 (Fla. 4th DCA 2004) (internal quotations and citations omitted). However, "'[g]ood faith' in the context of settling insurance claims has no precise definition. . . . Whether good faith exists requires an assessment of the totality of the circumstances." Hogan, 665 F. Supp. 2d at 1281 (citations omitted).

Canales does not allege that ASIC violated Fla. Stat. § 627.707. Rather, Canales alleges that ASIC failed to timely pay the claim in good faith after investigating the damage and determining that the cost to repair exceeded policy limits. The Court finds that this allegation is sufficient to support a claim of bad faith under Florida law.

Finally, ASIC argues that Canales's bad faith claim must fail because it is predicated on the Policy's Loss Settlement

-11-

provision, which is superseded by the Loss Settlement provision of the Sinkhole Endorsement. (Doc. # 11 at ¶¶ 7-8). The Sinkhole Endorsement states that ASIC will settle a sinkhole loss once the insured enters into a contract for repairs. (Doc. # 10-1 at 14). ASIC argues that it was not required to pay Canales the policy limits because he did not execute a contract for the repair work. (Doc. # 11 at ¶ 9).

Canales asserts that portions of the Loss Settlement provision of the Sinkhole Endorsement not quoted by ASIC suggest circumstances in which ASIC might pay claims "should its own estimates suggest payment above policy limits is necessary to restore the premises to its pre-loss condition." (Doc. # 12 at 14). Furthermore, Canales asserts that he did in fact have a contract for the repair work and points out that ASIC ultimately paid policy limits after the CRN had expired.[2] (Id.) Canales does not address the fact that the CRN refers specifically to the Policy's Loss Settlement provision

---

[2] Canales did not specifically allege in his Amended Complaint that he had executed such a contract. However, the Amended Complaint alleges that he "has done and performed all those matters and things properly required of him under the contract, or, alternatively, has been excused from performance by the acts, representation and/or conduct of the Defendant." (Doc. # 10 at ¶ 5).

-12-

rather than the operable Loss Settlement provision of the Sinkhole Endorsement.

The Court finds that reference to the wrong policy language is not fatal to Canales's bad faith claim. "[A]n action for bad faith is extra contractual in nature and relates to the duties of an insurer as defined by statute, not the express terms of the contract." Tropical Paradise Resorts, 2008 WL 3889577, at *4. Furthermore, the statute specifies that CRNs "shall '[refer] to specific policy language that is relevant to the violation, *if any*.'" Id. (quoting Fla. Stat. § 624.155(3)(b)(4)). Thus, Canales was not required to reference specific, relevant language from the Policy. See id. It therefore makes little sense to dismiss Canales's claim simply because he refers to the *wrong* policy language.

Furthermore, Canales's allegation that he has performed as required under the insurance contract, and ASIC's ultimate tender of policy limits, bolster the bad faith claim under the operable Loss Settlement provision of the Sinkhole Endorsement. The Court therefore denies the Motion with regard to Canales's bad faith claim pursuant to Fla. Stat. § 624.155(1)(b).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

-13-

(1)   Defendant's Motion to Dismiss Amended Complaint (Doc. #
      11) is **GRANTED IN PART and DENIED IN PART**.

(2)   The portions of the Amended Complaint alleging violations
      of Fla. Stat. §§ 626.9541(1)(i)(2) and 626.9541(1)(i)(3)
      are dismissed without prejudice. The Motion is denied in
      all other respects.

(3)   Canales may file a Second Amended Complaint within
      fourteen days of the date of this Order. If he fails to
      do so, this action will proceed solely on the well-pled
      claims in the Amended Complaint.

      **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u>
day of November, 2011.

VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record